TOPSIDE CONSTRUCTION, INC., Petitioner/ Cross–Respondent,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent/ Cross–Petitioner,

Operating Engineers, Local Union No. 3, International Union of Operating Engineers, AFL–CIO, Intervenor.

No. 00–70747.

NLRB No. 20–CA–29481–1.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided Dec. 7, 2001.

Before CANBY, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM *

Petitioner Topside Construction, Inc. ("Topside") petitions for review of the decision of the National Labor Relations Board ("Board") concluding that Topside violated section 8(a)(1) and (a)(5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) and (a)(5), by refusing to bargain with Operating Engineers, Local Union No. 3, International Union of Operating Engineers, AFL–CIO (the "Operating

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Engineers"). Topside seeks reversal of the Board's order on the ground that the Board's ruling is not supported by substantial evidence and therefore it erred in certifying the Operating Engineers as the collective bargaining representative of a bargaining unit of Topside's heavy equipment operators (the "operators"). The Board cross-petitions for enforcement of its order. We have jurisdiction pursuant to 29 U.S.C. § 160(e) and (f). We deny Topside's petition and enforce the Board's order.

"Congress has entrusted the Board with a wide degree of discretion in establishing the procedure and safeguards necessary to insure the fair and free choice of bargaining representatives by employees." *NLRB v. A.J. Tower Co.*, 329 U.S. 324, 330, 67 S.Ct. 324, 91 L.Ed. 322 (1946). Findings of the Board with respect to questions of fact are conclusive "if supported by substantial evidence on the record considered as a whole." 29 U.S.C. § 160(e) & (f). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

Here, Topside contends that the union interfered with the operators' freedom of choice by promising them access to "union jobs" with companies that had signed contracts with the union and by giving the operators preferential treatment in obtaining those jobs, all of which resulted in a coercive atmosphere in the Operating Engineers' election. The Board found that there was no evidence that the union made promises to obtain for the employees work or priority in employment which they were not otherwise entitled to receive from the Union as employment applicants at the hiring hall. As a result, the Board determined that the union's statements could not have undermined the integrity of the election in that unit. We have reviewed the record and conclude that the Board's findings are supported by substantial evidence on the record as a whole.

For the reasons set forth above, in No. 00–70747, the petition for review is DENIED, and the cross-application for enforcement is GRANTED.